

FILED
CLERK, U.S. DISTRICT COURT
JAN 30 2023
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. DAJOE LIONEL GERMANY, Defendant. | Case No. CR 21-00355-JAK<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 31.1(a)(6); 18 U.S.C. § 3143(a)(1)] |
|---|---|

I.

On January 30, 2023, Defendant made his initial appearance in this district on the bench warrant issued by this Court following Defendant's failure to appear for an order to show cause hearing on January 30, 2023. Vitaly Sigal, a panel attorney who was previously appointed to represent Defendant, appeared with Defendant. The Government was represented by Assistant United States Attorney Keith Ellison. A detention hearing was held.

The Court finds, pursuant to 18 U.S.C. § 3148(b), as follows:

1. Based on the factors set forth in 18 U.S.C. § 3142(g), there is no longer any condition or combination of conditions of release that will assure that he defendant will not flee or pose a danger to the community or to others if allowed to remain on bail pending future court proceedings.

2. The Court has taken into account the allegations in the petition for violation of the conditions of pretrial release and request for a bench warrant, and the issuance of a bench warrant dated January 30, 2023, reflecting that, in addition to Defendant's failure to appear for an order to show cause hearing on January 30, 2023, (1) defendant sustained an arrest for grand theft on January 23, 2023, in a matter that is pending in state court; (2) defendant failed to report for drug testing on January 26, 2023; (3) defendant's history of noncompliance with the conditions of release including an arrest on an out of state warrant, failure to report for drug testing, positive drug tests in January and February 2022, contact with a co-defendant, and failure to comply with location monitoring requirements.

Thus, the Court finds that there is _now_ a change in circumstances which justifies reconsideration of the decision to allow Defendant to remain on release. The Court finds that, under the current circumstances, clear and convincing evidence does not exist to show that the defendant is not likely to flee or pose a danger to the community or to others if allowed to remain on bail.

IT IS THEREFORE ORDERED that the defendant be detained pending further proceedings.

Dated: January 30, 2023

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE